**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**Edwin Hernández-Favale,**

   Petitioner

     v.

**United States of America,**

   Respondent.

CIVIL NO. 16-2098 (PG)
Related Crim. No. 96-070 (PG)

## **OPINION AND ORDER**

Before the court is petitioner Edwin Hernández-Favale's (henceforth "Petitioner" or "Hernández-Favale") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Dockets No. 1, 11) and the United States' (or the "government") opposition thereto (Docket No. 19). For the following reasons, the court **DENIES** Petitioner's motion to vacate.

## **I.  BACKGROUND**

On December 2, 1996, Hernández-Favale was found guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). See Crim. No. 96-070 (PG), Docket No. 7. On June 4, 1997, the Presentence Investigation Report (henceforth "PSR") was disclosed, which revealed that Petitioner had convictions for the following relevant offenses, charged under the laws of Puerto Rico: 1) two convictions for robbery on February 20, 1979 (PSR at pp. 9 & 12); 2) three separate convictions for robbery, robbery of a motor vehicle, and attempted murder on October 26, 1978 (PSR at pp. 13-14); 3) one conviction for attempted murder on March 23, 1979 (PSR at p. 16); and, 4) one conviction for attempted robbery of a vehicle on February 26, 1986 (PSR at p. 17). Based on this report, the court found that Hernández-Favale had three prior convictions for "violent felonies," as defined by the Armed Career Criminal Act (henceforth "ACCA"), at 18 U.S.C. § 924(e)(2)(B). As a result, the court sentenced Petitioner on June 26, 1997 to a term of 180

months of imprisonment under the ACCA, 18 U.S.C. § 924(e). See Crim. No. 96-070 (PG), Docket No. 90. Without the adjustment imposed by the ACCA, Petitioner would have been subjected instead to a statutory maximum penalty of 120 months.

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); Hill v. United States, 368 U.S. 424, 426-427 (1962); Ellis v. United States, 313 F.3d 636, 641 (1st Cir. 2002).

## III.  DISCUSSION

On June 14, 2016, Hernández-Favale presented a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner asserts that he cannot be considered an Armed Career Criminal, as defined by the ACCA, because his previous convictions, specifically attempted murder, robbery of a motor vehicle, and robbery, do not qualify as "violent felonies" pursuant to 18 U.S.C. § 924(e)(2)(B). The ACCA defines a "violent felony" as any offense that is "punishable by imprisonment for a term exceeding one year," and it: (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another**." 18 U.S.C. § 924(e)(2)(B) (emphasis added). The section's first clause is often referred to as the "force clause," and the bolded segment represents the statute's "residual clause." Pursuant to the ACCA, Petitioner can only be subjected to the mandatory minimum 180 month sentence for violating 18 U.S.C. § 922(g) if he has **three**

prior convictions for a "violent felony," as defined by 18 U.S.C. § 924(e)(2)(B), or "a serious drug offense." See 18 U.S.C. § 924(e)(1).

Firstly, Hernández-Favale argues that Johnson v. United States, 135 S.Ct. 2551 (2015) (Johnson II) invalidated the residual clause of the ACCA, § 924(e)(2)(B)(ii), therefore attempted murder, robbery of a motor vehicle and robbery cannot be considered "violent felonies" pursuant to the ACCA. The court finds that it does not need to address Petitioner's constitutional void-for-vagueness challenge regarding § 924(e)(2)(B)(ii) because he has been previously convicted of three "violent felonies" as defined by the ACCA's force clause in § 924(e)(2)(B)(i). Nevertheless, Petitioner also alleges that the conducts for which he was previously convicted, namely, attempted murder, robbery of a motor vehicle, and robbery, cannot be categorically considered "violent felonies" under the ACCA's force clause. The court disagrees.

To that effect, Hernández-Favale first argues that his two prior convictions for attempted murder should not be taken into consideration under the ACCA because attempted murder does not necessarily require the use, attempted use, or threatened use of violent physical force against another. According to First Circuit precedent, if a statute does not contain in all of its manifestations elements requiring the use, attempted use, or threatened use of violent and intentional force against a person, then it is not a "violent felony." See United States v. Martinez, 762 F.3d 127, 133 (1st Cir. 2014). Therefore, according to Petitioner's claim, murder as defined by Puerto Rico law at the time does not categorically qualify as a violent felony under the ACCA's force clause.

Specifically, Petitioner states that, under the Puerto Rico law that existed when he was originally charged, "attempted murder occurs when a person commits acts or incurs omissions unequivocally directed to cause the death of a human being with malice aforethought." People v.

Bonilla-Ortiz, 23 P.R. Offic. Trans. 393 (1989)(brackets omitted). Hernández-Favale believes that committing acts or omissions unequivocally directed to cause the death of a human being does not necessarily require the use, attempted use, or threatened use of violent physical force against another person. In support of his contention, Hernández-Favale presents a series of hypothetical scenarios in which a murder could be committed or attempted without the use of violent force, such as death by poisoning, the laying of a trap, locking or attempting to lock someone on a car in a hot day, and starving and attempting to starve someone to death.

Contrary to Petitioner's argument, however, Puerto Rico case law establishes that murder and attempted murder categorically fit the requirements set forth by the ACCA's force clause. The Puerto Rico Penal Code of 1974, under which Petitioner was originally charged, defined murder as the killing of a human being with malice aforethought. See P.R. LAWS ANN. tit. 33, § 4001 (repealed 2004). Additionally, the Supreme Court of Puerto Rico defined "malice aforethought" as the intent to realize an act or produce a grave injury that will probably result in the death of a person. See Pueblo v. Rosario, 160 P.R. Dec. 592, 610 (2003). If "malice aforethought" is the intent to **act** in such a way that causes grave bodily harm or death to another person, and "malice aforethought" is an element of murder, then the court can logically infer that murder requires violent acts capable of causing injury to another person.

Petitioner's argument stating that one can commit acts unequivocally directed at causing the death of a human being without employing physical force should be rejected because it is extremely unlikely, if not downright impossible, to find a realistic situation in which this claim holds true. Hernández-Favale cites death by poisoning as an example of a violent act that does not require physical force, but this argument was expressly rejected by the Supreme Court of the United States in U.S. v. Castleman, 134 S.Ct. 1405 (2014). In Castleman, the Supreme Court states that the "use of force" employed in a death by poisoning does not consist of the act of sprinkling

the poison, "it is the act of employing poison knowingly as a device to cause physical harm. That the harm occurs indirectly, rather than directly (as with a kick or a punch), does not matter." Id. at 1415. The same logic applies to Petitioner's alternative hypothetical scenarios. Therefore, murder under the existing laws of Puerto Rico at the time when Petitioner was previously convicted required the use, attempted use, or threatened use of physical force against a person, thereby qualifying as a "violent felony" under the ACCA's force clause at 18 U.S.C. § 924(e)(2)(B)(i).

Furthermore, Petitioner alleges that murder under Puerto Rico law at the time of his convictions did not differentiate between the different forms of participation. That is to say, the acts of aiding and abetting murder, instigating murder, and accessory to a murder were all indistinguishable from principal murder. See P.R. LAWS ANN. tit. 33, § 3171-72. Therefore, Hernández-Favale could have been convicted of attempted murder as a principal, an aider and abettor, an instigator, or as a cooperator. According to Petitioner, participating in an attempted murder as anything other than the principal is allegedly too far removed from the violent component of the offense and would not require the use, attempted use, or threatened use of violent force necessary for the felony to qualify as a "violent felony" under the ACCA's force clause.

Hernández-Favale's argument does not hold water because "one who aids and abets an offense 'is punishable as principal' […] and the acts of the principal become those of the aider and abetter as a matter of law." United States v. Mitchell, 23 F.3d 1, 3 (1st Cir. 1994)(quoting United States v. Simpson, 979 F.2d 1282, 1285 (8th Cir. 1992)). Aiding and abetting is not considered a separate offense from the underlying substantive crime. See Mitchell, 23 F.3d at 2 (quoting United States v. Sánchez, 917 F.2d 607, 611 (1st Cir. 1990)). The fact that aiding and abetting, instigating, and cooperating with a murder are all prosecuted indistinctly from murder committed as a principal demonstrates that anyone who participates in a murder commits all of the elements of the crime

that render it a "violent felony." In this case, it is immaterial whether Hernández-Favale participated as an aider and abettor in his 1979 conviction for attempted murder because anyone who participates in a murder, in any capacity, commits a "violent felony" pursuant to 18 U.S.C. 924(e)(2)(B)(i). The court concludes that Hernández-Favale's arguments questioning whether murder and attempted murder are "violent felonies" pursuant to the ACCA's force clause are inapposite, and are therefore **DENIED**.

Hernández-Favale also contends that robbery of a motor vehicle is not a "violent felony" under the ACCA's force clause. Robbery of a motor vehicle, as prescribed by Article 173B of Puerto Rico's 1974 Penal Code, requires the same elements as robbery, specifically the employment of violence or intimidation, plus two additional essential elements, namely, the 1) **use** of a deadly weapon in 2) the taking a motor vehicle. See P.R. LAWS ANN. tit. 33, § 4279B (repealed 2004). Petitioner argues that even though the Supreme Court of Puerto Rico has never discussed at length Art. 173B, the statute's violence or intimidation requirement should be interpreted similarly to those required by the robbery statute due to their similar wording. As will be discussed more thoroughly *infra*, Petitioner alleges that since the violence or intimidation element of the robbery statute does not meet the physical force requirement of the ACCA's force clause, neither does the violence or intimidation element of the robbery of a motor vehicle statute. More importantly, Petitioner contends that the Puerto Rico robbery of a motor vehicle statute's additional element should be interpreted similarly to a Massachusetts armed robbery statute held by the Ninth Circuit to not meet the requirements of a "violent felony" under the ACCA. See U.S. v. Parnell, 818 F.3d 974 (9th Cir. 2016)(holding that "whoever, **being armed** with a dangerous weapon, assaults another and robs, steals or takes from his person money or other property which may be subject to larceny [...]" will have committed armed robbery pursuant to MASS. GEN. LAWS ANN. tit. 265, § 17 (amended 1998)(emphasis ours)). The Parnell court reasons that just because a person is armed,

it does not mean that he or she has **used** the weapon, or threatened to use it. See Parnell, 818 F.3d at 980. For that reason, the Parnell court concludes that the aforementioned armed robbery statute does not require the use of physical force, and thus, it is not a "violent felony" pursuant to the ACCA's force clause. Petitioner asks that the court interpret Puerto Rico's robbery of a motor vehicle statute identically in finding that the crime does not constitute a "violent felony" insofar as it does not require that the weapon be specifically used or displayed.

Some controversy exists regarding whether or not the violence or intimidation element of the robbery and robbery of a motor vehicle statutes require violent physical force. Nevertheless, the present controversy can be resolved by analyzing the additional elements of Puerto Rico's robbery of a motor vehicle statute. Article 173B of Puerto Rico's Penal Code at the time of Petitioner's conviction expressly requires the **use** of an object capable of causing grave bodily injury in order to effect robbery of a motor vehicle. See P.R. LAWS ANN. tit. 33, § 4279B. The Massachusetts armed robbery statute at issue in Parnell merely required that the person **be armed** with a dangerous weapon, thus it did not require the **use** of the weapon, contrary to the statute at issue in this case. The Ninth Circuit in Parnell states that "there is a material difference between the presence of a weapon, which produces a risk of violent force, and the actual or threatened use of such force. Only the latter falls within the ACCA's force clause." Parnell, 818 F.3d at 980. In the absence of any decision by the Supreme Court of Puerto Rico stating otherwise, the language of the statute in question must be taken at face value. Therefore, by requiring as an element of the offense the use of a deadly weapon, Puerto Rico's robbery of a motor vehicle statute clearly requires the use, attempted use, or threatened use of physical force against the person of another, and said offense falls within the meaning of a "violent felony" pursuant to 18 U.S.C. 924(e)(2)(B)(i). As a result, Petitioner's arguments regarding his prior convictions for robbery of a motor vehicle and attempted robbery of a motor vehicle are hereby **DENIED**.

Hernández-Favale proceeds to argue that his prior convictions for robbery should not be taken into account as one of the three prior "violent felony" convictions needed to receive the increased penalty imposed by § 924(e)(1) of the ACCA, as robbery is not categorically a "violent felony." Petitioner believes that the robbery statute's violence or intimidation element is overinclusive after the Supreme Court of Puerto Rico's decision in People v. Batista Montañez, 13 P.R. Offic. Trans. 401 (1982). In Batista, the Supreme Court of Puerto Rico held that even the slightest use of force, such as the sudden snatching of a necklace, is sufficient to commit the crime of robbery. Id. at 410. The statute only requires that the use of force or aggression have the effect of forcing a person to give up his property. Id. (quoting Pueblo v. Diaz Diaz, 102 P.R. Dec. 535, 539 (1974)). In Johnson v. United States, 599 U.S. 133 (2010) (Johnson I), the Supreme Court of the United States held that a battery statute that merely requires the "slightest offensive touching" does not rise to the level of "physical force" required by the ACCA. Id. at 140. Because Puerto Rico's robbery statute does not distinguish between degrees of force, Petitioner infers that said felony can be committed via the "slightest offensive touching" and does not categorically require the "physical force" specified by the ACCA's force clause.[1]

Despite the foregoing, the court need not rule on the matter, as Hernández-Favale's conviction requires a finding of **three** previous violent felony convictions in order for him to be subjected to the enhanced sentence imposed by 18 U.S.C. § 924(e)(1). Since Petitioner has been previously convicted of **four** violent felonies, to wit, two convictions for attempted murder, one conviction

---

[1] This district has arrived at different conclusions on the issue of whether robbery pursuant to the Puerto Rico Penal Code is or is not a crime of violence for sentencing enhancement purposes. In United States v. Castro Vazquez, 176 F.Supp.3d 13 (D.P.R. 2016), Judge Fusté held that Puerto Rico robbery is not a crime of violence. Furthermore, in United States v. Saéz-Quiles, Crim. No. 14-564 (PAD), Judge Delgado found that a Puerto Rico conviction for attempted robbery did not trigger a sentence enhancement under U.S.S.G. § 2K2.1(a)(3), thereby finding that it is not a crime of violence. On the other hand, in United States v. Avila-Rodriguez, Crim. No. 15-442 (FAB), Docket No. 156 at 37, Judge Besosa held that Puerto Rico robbery does fall within the force clause of the sentencing guidelines. In addition, in United States v. Gonzalez-Fournier, Crim. No. 13-698 (DRD), Docket No. 101 at 20-23, Judge Dominguez held that Puerto Rico armed robbery is a crime of violence under the ACCA. In conclusion, no consensus exists as to whether robbery requires the use of violent physical force as defined in Johnson I.

for robbery of a motor vehicle, and one conviction for attempted robbery of a motor vehicle, he is automatically exposed to the aforementioned enhanced sentence without having to consider his prior conviction for robbery.

Based on the above, the original sentence of 180 months of imprisonment under the ACCA, 18 U.S.C. § 924(e)(1), is valid because Petitioner was convicted of being a felon in possession of a firearm under § 922(g) having three prior violent felony convictions, as defined by the Act's force clause at § 924(e)(2)(B)(i). As a result, his request for habeas relief on these grounds is **DENIED**.

### IV. CONCLUSION

Based on the above, the court finds that Petitioner's request for habeas corpus relief under 28 U.S.C. § 2255 (Dockets No. 1, 11) is **DENIED AND DISMISSED WITH PREJUDICE**. Judgment shall be entered accordingly.

### V. CERTIFICATE OF APPEALABILITY

It is further ordered that no certificate of appealability should be issued in the event that the Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, July 18, 2018.

S/ JUAN M. PÉREZ-GIMÉNEZ
**JUAN M. PEREZ-GIMENEZ**
**SENIOR U.S. DISTRICT JUDGE**